# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>J & M SALES INC., *et al.*,<br><br>　　　　　Debtors. | Chapter 7<br><br>Case No. 18-11801 (JTD) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of J & M Sales Inc., *et al.*,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL FALLAS, individually and as trustee of the MICHAEL FALLAS LIVING TRUST DATED 1/19/05; *et al.*,<br><br>　　　　　Defendants. | Adv. Pro. No. 20-50775 (JTD) |

## MEMORANDUM OF LAW IN SUPPORT OF THE TIMING INC. D/B/A LA VIE 89 AND KC EXCLUSIVE INC. D/B/A ZENANA'S MOTION TO DISMISS CLAIMS ONE AND FIVE OF COMPLAINT

**THE ROSNER LAW GROUP LLC**
Frederick B. Rosner (DE #3995)
Jason A. Gibson (DE #6091)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Tel: (302) 777-1111
rosner@teamrosner.com
gibson@teamrosner.com

Dated: October 22, 2020
　　　Wilmington, Delaware

*Counsel to the Defendants*

{00029308.4 }

## **Table of Contents**

TABLE OF AUTHORITIES .................................................................................................................. ii

NATURE AND STAGE OF THE PROCEEDING ................................................................................. 1

SUMMARY OF ARGUMENT ............................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................... 2

ARGUMENT ....................................................................................................................................... 5

    I.    THE TRUSTEE LACKS STANDING AS PLAINTIFF TO ASSERT THE FIRST AND FIFTH STATE LAW CLAIMS FOR RELIEF AGAINST DEFENDANTS, FRAUDULENT TRANSFER AND UNJUST ENRICHMENT, FOR AND ON BEHALF OF CREDITORS OF THE ALLEGED TRANSFEROR, A DELAWARE LLC. .............. 5

    II.    THE FIFTH CLAIM FOR RELIEF, A STATE LAW CLAIM FOR UNJUST ENRICHMENT, ALSO SHOULD BE DISMISSED FOR, INTER ALIA, LACK OF STANDING ............................................................................................................................. 9

RESERVATION OF RIGHTS ............................................................................................................ 10

CONCLUSION ................................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Astropower Liquidating Tr. v. Xantex Tech (In re Astropower Liquidating Tr.)*,
  335 B.R. 309 (Bankr. D. Del. 2005) ........................................................................................... 8
*Bd of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*,
  296 F.3d 164 (3d Cir. 2002) ........................................................................................................ 7
*Buck v. Hampton Township. School Dist.*,
  452 F.3d 256 (3d Cir. 2002) ........................................................................................................ 5
*CML V, LLC v. Bax*,
  28 A.3d 1037 (Del. 2011) ............................................................................................................ 6
*Granfinanciera, S.A. v. Nordberg*,
  492 U.S. 33 (1989) ..................................................................................................................... 11
*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ...................................................................................................... 5
*In re CD Liquidation Co., LLC*,
  462 B.R. 124 (Bankr D. Del. 2011) ............................................................................................ 9
*In re Emoral, Inc.*,
  740 F.3d 875 (3d Cir. 2014) ........................................................................................................ 7
*In re JMO Winndown, Inc.*,
  2018 WL 1792185 (Bankr. D. Del. April 13, 2018) ............................................................ 7, 8, 9
*In re Patriot National Inc.*,
  592 B.R. 560 (Bankr. D. Del. 2018) ......................................................................................... 10
*In re SemCrude, L.P.*,
  2011 WL 4711891 (Bankr. D. Del. October 7, 2011) ................................................................ 8
*In re SemCrude, L.P.*,
  796 F.3d 310 (3d Cir. 2015) ........................................................................................................ 8
*Kuroda v. SPJS Holdings, L.L.C.*,
  971 A.2d 872 (Del. Ch. 2009) ................................................................................................... 10
*Lance Camper Mfg. Corp. v. Republic Indem. Co.*,
  44 Cal.App.4th 194 (1996) ....................................................................................................... 10
*N. Am. Catholic Educ. Programming Found, Inc. v. Gheewalla*,
  930 A. 2d 92 (Del. 2007) ............................................................................................................ 6
*Official Committee of Unsecured Creditors of HH Liquidation LLC v. Comvest Group Holdings
  LLC, et al. (In re HH Liquidation LLC)*,
  590 B.R. 211 (Bankr. D. Del. 2018) ........................................................................................... 7
*PennySaver USA Publishing, LLC v. OpenGate Capital Group*,
  587 B.R. 445 (Bankr. D. Del. 2018) ........................................................................................... 7
*Stern v. Marshall*,
  564 U.S. 462 (2011) ................................................................................................................... 11
*U.S. Virgin Islands v. Goldman, Sachs & Co.*,
  937 A.2d 760 (Del. Ch. 2007) ................................................................................................... 10
*Vichi v. Koninklijke Philips Elecs. N.V.*,
  62 A.3d 26 (Del. Ch. 2012) ....................................................................................................... 10
*Winer Family Trust v. Queen*,
  503 F.3d 319 (3d Cir. 2007) ........................................................................................................ 5

**Statutes**

10 *Del. C.* § 8106(a) ............................................................................................................. 10
11 U.S.C. § 544 ...................................................................................................................... 8
11 U.S.C. § 548 ...................................................................................................................... 8
11 U.S.C. § 550 ...................................................................................................................... 9
6 *Del. C.* § 1304 .................................................................................................................... 8
6 *Del. C.* § 1305 .................................................................................................................... 8
6 *Del. C.* § 18-1002 .............................................................................................................. 6

**Rules**

Del. Bankr. L.R. 7012-1 ....................................................................................................... 10
Fed. R. Bankr. P. 7008 ........................................................................................................... 1
Fed. R. Bankr. P. 7012 ......................................................................................................... 10
Fed. R. Bankr. P. 7012(b) ...................................................................................................... 1
Fed. R. Civ. P. 12 ................................................................................................................. 10
Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 1
Fed. R. Civ. P. 8(a) ................................................................................................................ 1

## NATURE AND STAGE OF THE PROCEEDING

The Timing Inc. d/b/a La Vie 89 ("Timing") and KC Exclusive Inc. d/b/a Zenana ("KC" and, together with Timing, the "Defendants") respectfully submit this Memorandum of Law in support of the Motion, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure, to dismiss with prejudice counts one and five of the complaint (the "Complaint" or "Compl."),[1] as they apply to Defendants, filed by George M. Miller, in his capacity as the chapter 7 trustee (the "Trustee" or "Plaintiff"), a true and correct copy of which is attached hereto as **Exhibit A**.[2]

## SUMMARY OF ARGUMENT

The Compl. alleges that debtor Southern Island Stores, LLC ("Southern Stores"), a limited liability company formed under the laws of the State of Delaware, made certain Transfers to Defendants. The Trustee seeks to avoid and recover those Transfers for the benefit of creditors of the estate. The two Delaware state law counts directed at Defendants—count one for fraudulent transfers pursuant to 6 *Del. C.* §§ 1304 and 305 and count five for unjust enrichment—must be dismissed with prejudice because the Trustee lacks standing to pursue such derivative causes of action.

Standing to pursue derivative actions on behalf of a Delaware LLC debtor is prescribed by statute. The statute provides that the proper plaintiff is limited to either a member or an assignee of a membership interest in the Delaware LLC debtor, here Southern Stores. The Trustee is not, nor does the Compl. allege, that the Trustee either is a member or an assignee of a membership interest in Southern Stores. Counts one and five of the Compl. fail because the Trustee lacks

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.
[2] Exhibit A to the Complaint is lengthy and lists all alleged transfers made to many other defendants. The Defendants attach only the pages that reference the Transfers they allegedly received; *i.e.*, Compl., Ex. A at pp. 39 and 71.

{00029308.4 }

standing to prosecute derivative actions under the Delaware Supreme Court's ruling in *Bax* (later defined) and its bankruptcy progeny.

The First and Fifth claims for relief in the Compl. are derivative in nature. The First Claim is predicated on section 544 of the Bankruptcy Code. That Code section permits the Trustee to step into the shoes of creditors extant at the time of the alleged Transfers and recover the Transfers or their value for the benefit of creditors of the estate. Although the Comp. identifies Predicate Creditors, that misses the mark to establish derivative standing in the LLC context. The Fifth Claim is for Unjust Enrichment; *i.e.,* Defendants were enriched at the expense of other creditors. The Fifth Claim is derivative and fails for the same reason as the First Claim. There are other reasons the Fifth Claim fails, as more fully set forth below.

## STATEMENT OF FACTS

In or around May 2014, National Stores, Inc. sought to acquire Conway Stores, Inc. ("Conway") and its chain of retail stores. Compl. at ¶3. Conway had 78 store locations in desirable locations. Compl. at ¶¶217-18. Throughout the years the Debtors had expanded their business footprint through the acquisition of other retail businesses. Compl. at ¶184. The Conway Acquisition was another such expansion. Specifically, the Debtors sought to expand their footprint of retail locations in the East Coast and Midwestern states. Compl. at ¶218. In fact, a year after the Conway Acquisition closed, the Debtors acquired yet another 40 store locations through the acquisition of Anna's Linens. Compl. at ¶184.

Defendants are trade vendors, who shipped and sold goods to Conway on credit terms. In or around February 2014, Conway and National Stores, Inc. solicited settlements from Defendants to "restructure" the amounts owed to them. Compl. at ¶¶224-226, 273; SA at Cover Letter. Specifically, trade vendors such as the Defendants; *i.e.*, Claimants, were asked and subsequently

agreed to discount substantially the amounts owed to them and agreed to accept payment of such discounted amounts in accordance with a payment plan over time. Compl. at ¶273. An agreement was negotiated and reached with Defendants regarding the compromise of their debt with payment terms. The deals were memorialized in a Settlement Agreement by and among Defendants, Metro Buying Group LLC and Conway. Compl. at ¶274.

The Settlement Agreement ("SA") with Timing is attached hereto as **Exhibit B**. The parties stipulate in the SA that the face amount of indebtedness owed by Conway to Timing is $1,250,000. SA at 1. To facilitate the Conaway Acquisition, however, Timing agreed to reduce the amount owed from $1,250,000 to $625,000, a fifty percent (50%) reduction, payable over time. The SA acknowledges that the compromise is for good and valuable consideration, SA at 2, and Defendants as claimants had the benefit of the advice of counsel. *Id*. at 5. Neither of the Defendants is an "insider" either of Conway or the Debtors as that term is defined in the Bankruptcy Code.

Timing contemporaneously entered into an Assignment with National Stores, Inc. and CPD 18 Corp., Compl. at ¶274, a true and correct copy of which is attached hereto as **Exhibit C**. Pursuant to the Assignment, CPD agreed to assume and be obligated to pay Timing the discounted amount of $625,000. In total, however, Timing only received $554,166.67 of the contractually obligated payments. Compl. at Exhibit A. The first payment Timing allegedly received was on June 19, 2014 and the last payment allegedly received was on May 16, 2016. Compl. at Exhibit A. The payments Timing allegedly received over time represented 44% of $1,250,000, the stipulated amount Timing was owed, and 88% of the discounted amount of $625,000.

KC entered into substantially the same form of Settlement and Assignment Agreements. To facilitate the Conaway Acquisition, KC agreed to reduce the amount it was owed from

$535,544.80 to $133,886.20, payable in one lump sum. Compl. at Exhibit A. KC allegedly received the payment on May 22, 2014. Compl. at Exhibit A. The single payment KC received was 25% of what KC and Conway had stipulated was owed.

The relationship between the Defendants and the Debtors (and all other parties) was entirely contractual; *i.e.,* the Settlement and Assignment Agreements.

Four (4) years and four (4) months after the date of the Settlement Agreement, on August 6, 2018 (the "Petition Date"), National Stores, Inc. and its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

Southern Stores, one of the Debtors' affiliates, a limited liability company formed under the laws of the State of Delaware, also filed. Compl. at fn1. Southern Stores is the Debtor entity that allegedly made the challenged transfers to the Defendants. Compl. at Exhibit A.

The Debtors' chapter 11 cases converted to chapter 7 on January 28, 2019 [D.I. 1240]. Over four (4) years and two (2) months after the last transfer to Timing, and six (6) years and two (2) months after the last transfer to KC, the Trustee commenced this action. The Trustee purports to recover the challenged transfers allegedly made by Southern Stores on behalf of the estates' creditors. The Trustee, as plaintiff, is identified as "GEORGE MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of J & M Sales, Inc." The Compl. does not allege that the Trustee is a member or an assignee of an LLC interest in Southern Stores.

The Complaint asserts two claims for relief against Defendants, as follows:

a. First Claim – Avoidance and Recovery of Transfers Pursuant to 6 *Del. C.* §§ 1304(a) & 1305(a), and 11 U.S.C. §§ 544 & 550; and

b. Fifth Claim – Unjust Enrichment.

The Fifth Claim is not pled in the alternative to the First.

The Defendants entered into their respective SAs in good faith, and for value, and in satisfaction of an antecedent debt.  Neither of the Defendants filed a proof of claim in these cases.

**ON A MOTION TO DISMISS, THIS COURT MAY CONSIDER ITEMS SUBJECT TO JUDICIAL NOTICE AND DOCUMENTS INTEGRAL TO THE COMPLAINT**

When considering the sufficiency of the Trustee's Complaint on a motion to dismiss, this Court is not limited to its four corners, but may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case" without thereby converting the motion into one for summary judgment.  *Buck v. Hampton Township. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2002) (internal quotes omitted). *See also Winer Family Trust v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (for the proposition that a "document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment")(internal quotations omitted)(*emphasis* in original).

For purposes of this Motion, Defendants respectfully request the Court consider the Settlement Agreement and Assignment attached hereto as **Exhibits B and C**, respectively. These documents are referenced in the Compl.  *See* ¶¶274 and 277.  The documents demonstrate the relationship between the Defendants and Debtors was contractual.

## ARGUMENT

**I.    THE TRUSTEE LACKS STANDING AS PLAINTIFF TO ASSERT THE FIRST AND FIFTH STATE LAW CLAIMS FOR RELIEF AGAINST DEFENDANTS, FRAUDULENT TRANSFER AND UNJUST ENRICHMENT, FOR AND ON BEHALF OF CREDITORS OF THE ALLEGED TRANSFEROR, A DELAWARE LLC.**

Southern Stores, a chapter 7 debtor, the alleged transferor of the challenged transfers, is a Delaware limited liability company.  The Delaware Supreme Court in *CML V, LLC v. Bax*, 28

A.3d 1037, 1041 (Del. 2011)("*Bax*") affirmed the Court of Chancery's decision that, under section 18-1002 of the Delaware Limited Liability Company Act (the "LLC Act"), creditors of a limited liability company lack standing to sue derivatively, even if the company is insolvent. This outcome may not be immediately intuitive because creditors of an insolvent *corporation* may seek derivative standing to sue directors and officers for breach of fiduciary duties or transfers that depleted an estate to the detriment of creditors generally. *See N. Am. Catholic Educ. Programming Found, Inc. v. Gheewalla*, 930 A. 2d 92 (Del. 2007).

But, as the Delaware Supreme Court explicated in *Bax*, in establishing the LLC Act, the Delaware General Assembly created a different regime for Delaware LLCs. Fundamentally, LLCs and corporations are different types of entities and offer different bundles of and limitations on rights. *See Bax*, 28 A.3d at 1043. Because the structure of the LLC Act gives creditors substantial flexibility to protect their unique interests by contract, the Court found it logical for the Delaware General Assembly to limit LLC derivative standing and exclude creditors. *Id*.

In *Bax*, when a creditor sought such standing, the Court was asked to construe section 18-1002 of the LLC Act, titled "Proper Plaintiff." That section provides:

> In a derivative action, the plaintiff must be a member or an assignee of a limited liability company interest at the time of bringing the action and:
>
> (1) At the time of the transaction of which the plaintiff complains; or
>
> (2) The plaintiff's status as a member or an assignee of a limited liability company interest had devolved upon the plaintiff by operation of law or pursuant to the terms of a limited liability company agreement from a person who was a member or an assignee of a limited liability company interest at the time of the transaction.

6 *Del. C*. 18-1002.

The Delaware Supreme Court found the language clear, unequivocal, and not susceptible to more than one reasonable interpretation. *Bax*, 28 A.3d at 1042. The LLC Act precludes a

creditor of a Delaware LLC debtor from suing derivatively. For this reason alone, the Trustee lacks standing as plaintiff to prosecute the First and Fifth Claims against Defendants.

Since the *Bax* decision, similar standing challenges have been raised in this Court involving creditors seeking to sue derivatively on behalf of Delaware LLCs or LPs. *See, e.g., PennySaver USA Publishing, LLC v. OpenGate Capital Group*, 587 B.R. 445 (Bankr. D. Del. 2018) (relying on the LLC Act, Court dismissed a chapter 7 trustee's derivative claims for breaches of fiduciary duties); *Official Committee of Unsecured Creditors of HH Liquidation LLC v. Comvest Group Holdings LLC, et al. (In re HH Liquidation LLC)*, 590 B.R. 211, 284–85 (Bankr. D. Del. 2018) (Court held that creditors' committee of an LLC debtor cannot be granted derivative standing); *In re JMO Winddown, Inc.*, 2018 WL 1792185 (Bankr. D. Del. April 13, 2018)("*JMO*").

The FIRST CLAIM, for fraudulent transfer, asserts a derivative claim. *JMO* provides an informative discussion of what constitutes a derivative claim under Delaware law:

> "After a company files for bankruptcy, 'creditors lack standing to assert claims that are property of the estate.'" *In re Emoral, Inc.*, 740 F.3d 875, 879 (3d Cir. 2014)(quoting *Bd of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 169 (3d Cir. 2002)). The Third Circuit has clarified when causes of action is considered property of the estate:"
>
>> In order for a cause of action to be considered property of the estate, the claim must be a general one, with no particularized injury arising from it. On the other hand, if the claim is specific to the creditor, it is a personal one and is a legal or equitable interest only of the creditor. A claim for an injury is personal to the creditor if other creditors generally have no interest in that claim."

*JMO*, 2018 WL 1792185, at *6 (citing *In re Emoral*, 740 F.3d at 879)(internal quotations omitted). In corporate parlance, those general claims that belong to the estate, can be restated as falling under the derivative injury rule, which holds that a shareholder … may not sue for personal injuries to the corporation. The derivative injury rule "holds that a shareholder … may not sue for personal

injuries that result directly from injuries to the corporation." *In re SemCrude, L.P.*, 796 F.3d 310, 316 (3d Cir. 2015) (internal citations and quotations omitted) ….

"Whether an action is characterized as direct or derivative is a question of state law." *In re SemCrude, L.P.*, 2011 WL 4711891, at *5 (Bankr. D. Del. October 7, 2011). Here, the parties do not dispute that Delaware law governs this analysis. Under Delaware law, the Court should look to the nature of the wrong and to whom the relief should go in a derivative analysis. *JMO*, 2018 WL 1792185, at *6 (internal quotations omitted).

In *JMO*, the court found that although "Delaware case law is scarce … [fraudulent transfer] claims are 'derivative in nature[.]'" *Id.* at *8 (citing to *Astropower Liquidating Tr. v. Xantex Tech (In re Astropower Liquidating Tr.)*, 335 B.R. 309, 328 (Bankr. D. Del. 2005)). The JMO court observed that "Sections 1304 and 1305 under Title 6 of the Delaware Code both center on the protection of creditors against fraudulent transfers of a debtor's assets. In the bankruptcy context, the Bankruptcy Code expressly grants to the trustee rights and powers to avoid fraudulent transfers as a representative of creditors generally. 11 U.S.C. §§ 544, 548. Any recovery from the pursuit of such claims reverts back to the estate." *JMO*, 2018 WL 1792185, at *8.

That reasoning applies here. The First Claim relies on section 544 of the Bankruptcy Code. That section permits the debtor or, as here, the Trustee, to stand in the shoes of a creditor and avoid a transfer made or an obligation incurred under applicable state law. The Compl. indicates that Delaware law applies. Compl. at ¶¶364, 366 and 378 . Consistent with *JMO*, and as is apparent from their respective titles, sections 1304[3] and 1305[4] focus on the protection of creditors generally against alleged fraudulent transfers made by a debtor.

---

[3] Section 1304 is titled *Transfers fraudulent as to present and future creditors*.
[4] Section 1305 is titled *Transfers fraudulent as to present creditors*.

The Trustee devotes much space to allege Predicate Creditors were extant at the time of the challenged Transfers. But, as noted, with a Delaware LLC debtor, a creditor lacks standing to pursue a derivative action under the LLC Act. Accordingly, the Trustee's reliance on Predicate Creditors is misplaced, and the Trustee, as Plaintiff, lacks standing.

The derivative nature of the claim is further evidenced by the fact the Trustee seeks recovery under the FIRST claim pursuant to section 550 of the Bankruptcy Code for the benefit of the estate. The Compl. expressly provides that any recovery reverts back to the Trustee for the benefit of creditors generally. Compl. at ¶214. Accordingly, because the Trustee lacks standing to prosecute derivative claims of the type set forth in the FIRST claim on behalf of Southern States, the claims must be dismissed with prejudice.

## II. THE FIFTH CLAIM FOR RELIEF, A STATE LAW CLAIM FOR UNJUST ENRICHMENT, ALSO SHOULD BE DISMISSED FOR, INTER ALIA, LACK OF STANDING

The Fifth Claim for relief, for Unjust Enrichment under state law, also states a derivative action that must be dismissed for lack of standing. *See JMO* at *8 and *9 fn. 16 ("the Court finds Bloso's unjust enrichment claim to be derivative …"); *In re CD Liquidation Co., LLC*, 462 B.R. 124, 133 and 134 (Bankr D. Del. 2011). To that point, the Fifth Claim avers the Defendants retained the challenged Transfers "at the expense of the Debtors' estates." Compl. at ¶409. For the same reasons as forth above, the Trustee lacks standing as Plaintiff to recover the challenged Transfers under a theory of unjust enrichment, and the FIFTH claim should be dismissed with prejudice.

In the alternative, "[i]t is a well-settled principle of Delaware law that a party cannot recover under a theory of unjust enrichment if a contract governs the relationship between the contesting parties that gives rise to the unjust enrichment claim." *Vichi v. Koninklijke Philips Elecs.*

*N.V.*, 62 A.3d 26, 58-59 (Del. Ch. 2012); *see also Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal.App.4th 194, 203 (1996). Here, as set forth above and in the Compl., the business relationship between the Defendants and the Debtors is contractual; *i.e.*, the respective SAs and Assignments govern.

Additionally, the Trustee's claim for unjust enrichment is time barred under Delaware law. Delaware courts look to the three-year statute of limitations contained in 10 *Del. C.* § 8106(a) when analyzing the application of laches to unjust-enrichment claims. *See U.S. Virgin Islands v. Goldman, Sachs & Co.*, 937 A.2d 760, 807 (Del. Ch. 2007)(using Delaware's 3-year statute of limitations for oral contracts to guide application of a laches defense). Each of the alleged Transfers made to Timing was made over 4 years ago. The single alleged Transfer to KC was made over 6 years ago. Because the alleged unjust enrichment occurred over three years prior to the Compl. being filed, the Fifth Claim must be dismissed against the Defendants.

Finally, the Trustee's Fifth claim for Unjust Enrichment is *not* pled in the alternative. As a matter of law, it is not permissible for the Trustee to recover on both its unjust enrichment claim and fraudulent transfer claims. *In re Patriot National Inc.*, 592 B.R. 560, 584 n.17 (Bankr. D. Del. 2018); *see also Kuroda v. SPJS* Holdings, L.L.C., 971 A.2d 872, 891 (Del. Ch. 2009).

## RESERVATION OF RIGHTS

Pursuant to Del. Bankr. L.R. 7012-1, the Defendants do not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Defendants reserve all rights and defenses to the Compl. and make no waiver, implicit or otherwise, by its assertions herein. In particular, Defendants reserve all rights to assert defenses pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12 and all affirmative defenses. Pursuant

to the Supreme Court's decisions in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) and *Stern v. Marshall*, 564 U.S. 462 (2011), the bankruptcy court lacks constitutional authority to issue final orders when a debtor (or its successor-in-interest) files a fraudulent transfer claim against a defendant that has not filed a claim in the underlying bankruptcy case.

Defendants demand a jury trial.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant the Motion, dismiss the Compl. with prejudice as to both Counts One and Five against Defendants, and grant Defendants such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: October 22, 2020
      Wilmington, Delaware    **THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE #3995)
Jason A. Gibson (DE #6091)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com
       gibson@teamrosner.com

*Counsel to the Defendants*