# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:  )<br>)<br>J & M SALES INC., *et al.*,  )<br>)<br>Debtors.  )<br>_____)<br>)<br>)<br>GEORGE L. MILLER, in his capacity as  )<br>Chapter 7 Trustee for the jointly  )<br>Administered bankruptcy estates of J&M  )<br>Sales Inc., *et al.*,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MICHAEL FALLAS, Individually and  )<br>As Trustee of the Michael Fallas Living  )<br>Trust dated 1/19/05, *et al.*,  )<br>)<br>Defendants.  ) | Chapter 7<br><br>Case No. 18-11801 (JTD)<br>(Jointly Administered)<br><br><br><br><br><br><br><br><br><br>Adv. Proc. No. 20-50775 (JTD)<br><br><br><br><br><br>**Re: D.I. 314** |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

Following the dismissal with prejudice of certain claims in his original complaint,[1] the Trustee filed a Motion for Leave to file a Second Amended Complaint pursuant to Bankruptcy Rule 7015 (the **"Motion"**).[2] Specifically, the Trustee seeks to reallege certain time barred constructive fraudulent conveyance claims under Section 544(b) of the Code by asserting the IRS as a predicate creditor, thus extending the applicable statute of limitations up to ten years.

---

[1] Adv. D.I. 306.
[2] Adv. D.I 314.

Several defendants (collectively, the "**Objecting Defendants**")[3] argue that, among other things, the IRS cannot be used as a predicate creditor under Section 544(b) because it never filed a proof of claim pursuant to Section 502. Because the IRS cannot be used as a predicate creditor, they assert, permitting the filing of the Second Amended Complaint would be futile. For the reasons discussed below, I agree.

## II. JURISDICTION & VENUE

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a).

## III. BACKGROUND

On August 20, 2021, I dismissed as timed barred the Trustee's constructive fraudulent conveyance claims against the Objecting Defendants for transfers made before August 6, 2014.[4] Those claims, premised on Section 544(b), purported to assert claims on behalf of certain state government entities in order to avoid the applicable four-year statute of limitations under the Delaware Uniform Fraudulent Transfer Act ("**DUFTA**"). The Trustee's theory was that state government creditors could rely on the doctrine of *nullum tempus* to avoid application of the

---

[3] The Objecting Defendants include: (i) KC Exclusive, Inc. d/b/a Zenana ("**KC**") [Adv. D.I. 322]; (ii) KeyBank National Association [Adv. D.I. 324]; (iii) Coface North America, Inc. [Adv. D.I. 326]; (iv) Morris Cohen, Abe M. Cohen, and Jeffrey Cohen [Adv. D.I. 327]; (v) Baby Vision Inc.[Adv. D.I. 328]; (vi) Skiva International, Inc. d/b/a Trendset Originals [Adv. D.I. 329]; (vii) JCS Apparel Group Inc. [Adv. D.I. 330]; (viii) Rosenthal & Rosenthal, Inc. [Adv. D.I. 331]; (ix) Briara Trading Co. [Adv. D.I. 332]; (x) the Fallases and the Fallas-owned special purpose entities [Adv. D.I. 333]; (xi) Lollytogs, Ltd. d/b/a LT Apparel Group [Adv. D.I. 334]; (xii) Consensus Advisory Services, LLC and Consensus Securities, LLC [Adv. D.I. 335]; (xiii) the Blue Star Defendants[3] [Adv. D.I. 336]; (xiv) Active USA, Inc., Panties Plus, Inc., Poetry Corporation, The Timing Inc., and Wicked Fashions, Inc. [Adv. D.I. 337]; and (xv) Reich Brothers LLC [Adv. D.I. 338].
[4] Adv. D.I. 306.

statute of limitations under Section 1309 of DUFTA. I concluded, however, that because DUFTA specifically applies to government entities, *nullum tempus* did not apply and the claims were time barred. Since the Trustee did not rely on any federal governmental entity as the alleged predicate creditor, I did not address whether, for example, the IRS could act as a predicate creditor as a basis to extend the statute of limitations.

In response, the Trustee filed this Motion seeking to avoid the same transfers on behalf of the IRS. The Trustee concedes that the IRS did not file a proof of claim in Debtors' cases, nor did the Debtors schedule a claim by the IRS. Nevertheless, the Trustee, relying on a first day motion seeking the payment of outstanding payroll taxes, asserts that he can use that pre-petition claim (which was paid in full soon after the petition date) as a basis to bring claims on behalf of the IRS and avoid application of the applicable statute of limitations.

### IV.    LEGAL STANDARD

Bankruptcy Rule 7015 provides that courts should freely grant leave to amend pleadings when justice so requires. In the Third Circuit, leave to amend should be denied only where: (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).

Amending a complaint "is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

## V.  DISCUSSION

The Objecting Defendants argue, among other things, that the proposed Second Amended Complaint is futile and not in the interests of justice because the Trustee erroneously seeks to rely on the IRS as a predicate creditor to defeat DUFTA's four-year statute of limitations.[5]

The Trustee asserts that the proposed Second Amended Complaint is not futile because it sufficiently alleges that the Debtors owed the IRS payroll taxes as of the petition date, making the IRS a predicate creditor on which the Trustee can rely pursuant to Section 544(b) of the Code.

Section 544(b) provides in relevant part:

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502[.]

11.U.S.C. § 544(b)(1).

Section 502(a) provides in relevant part:

> A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

11 U.S.C. § 502(a). Objecting Defendants argue that because Section 544(b) specifically refers to Section 502, in order to have an allowable claim a creditor must have filed a proof of claim or be excused from doing so under Section 1111(a).[6] Since the IRS did not file a proof of claim and

---

[5] Because I conclude that the Trustee may not use the IRS as a predicate creditor, I do not need to address the remaining arguments.

[6] Section 1111(a) provides that: "A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(a)(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated."

the Debtors did not schedule the IRS as holding a claim, the Objecting Defendants assert the IRS cannot act as the predicate creditor.

The Trustee argues that he can rely on the IRS as a predicate creditor under Section 544(b) even though the IRS did not file a proof of claim. The Trustee relies primarily on *Finkel v. Polichuk (In re Polichuk)*, 506 B.R. 405 (Bankr. E.D. Pa. 2014) which concludes that Section 544(b)'s reference to "allowable" is distinct from the use of "allowed" in Section 502. The *Finkel* court concluded that to be allowable, a proof of claim under Section 502 does not need to be filed. Rather, the filing of a proof of claim makes the claim allowed, unless successfully objected to by a party in interest.

Numerous other courts have come to the opposite conclusion. *See*, e.g., *In re Rosenblum*, 545 B.R. 846, 859-60 (Bankr. E.D. Pa. 2016) (finding that because a creditor filed an informal proof of claim, it met the requirement for an allowable claim under 544(b)); *In re J.R. Deans Company, Inc.*, 249 B.R. 121, 131 (Bankr. D. S.C. 2000) (Since no asbestos claimant had filed a proof of claim, no allowable claim under 544(b)); *In re All-Type Printing,* 274 B.R. 316, 323 (Bankr. D. Conn. 2002) ("Because the only objection to the [applicable] Proof of Claim was withdrawn prior to trial of this adversary proceeding, that Proof of Claim is deemed allowed, and is therefore 'allowable' under Code Section 502, as is required by Section 544(b)."); *In re Davis,* 2016 WL 11696269, at *4 (Bankr. W.D. Tenn. 2016) ("creditors who have filed proofs of unsecured claims satisfy the requirements of section 544(b)" in order to give the trustee standing to pursue those claims); *In re Richardson,* 268 B.R. 331, 334 (Bankr. D. Conn. 2001) ("Because no objections to the qualifying claims have yet been filed, they are deemed allowed, and therefore are 'allowable' under Code Section 502, as required by Section 544(b)."); *In re Wellman*, 1998 WL 2016787, *3 (Bankr. D. S.C. 2016) (only an unsecured creditor that has filed

a proof of claim has an allowable claim that may be used by the trustee to pursue a Section 544(b) claim). I agree that in order to be considered an allowable claim for purposes of Section 544(b) there must be a proof of claim filed as required by Section 502.

It is not difficult to conclude that by referring to the requirements of Section 502 in Section 544(b), Congress intended that for a trustee to pursue potential fraudulent transfers under Section 544(b) an allowable claim only includes those claims for which a proof of claim has been filed. Section 502 provides that once a proof of claim is filed, it is deemed allowed. However, it also provides that if the claim is objected to, the court must determine the validity and amount of that claim. There are certain exceptions to the ability of the court to make that determination. Significantly, Section 502(b)(9) prohibits the court from determining the validity and amount of a claim where "proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a)." Thus, if no proof of claim is filed, it is not an allowable claim under Section 502.

The Trustee argues that requiring the filing of a proof of claim would interfere with a trustee's ability to assemble a bankruptcy estate for the benefit of all creditors because of potential manipulation of the claims process by parties in interest. *See In re DLC, Ltd.* 295 B.R. 593, 605 (B.A.P. 8th Cir. 2003) (expressing concern about potential abuse because a transferee of a fraudulent transfer could defeat the bankruptcy trustee by paying a couple of creditors). This concern is perhaps based on a misconception that only the creditor holding a claim may file a proof of claim. Section 501, however, provides that in the event "a creditor does not file a timely proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C. §501(c). In a situation where a creditor holds a claim as of the petition date and does not

6

file a proof of claim, either because of neglect, indifference or because it received a payment from the fraudulent transferee, a debtor or a trustee is free to file that claim.[7]

Since the IRS did not file a proof of claim (or even an informal proof of claim) and the Debtors did not schedule an IRS claim, the Trustee cannot rely on the IRS as a predicate creditor for purposes of pursuing fraudulent conveyance claims beyond the four-year lookback period provided in DUFTA.

VI.   CONCLUSION

For the reasons discussed above, the Motion is denied.

SO ORDERED.

Dated: February 22, 2022

JOHN T. DORSEY, U.S.B.J.

---

[7] While I am deciding this matter on a narrow statutory issue, I am troubled by the Trustee's position that he can rely upon accrued but unpaid payroll taxes as a basis to use the IRS's ten-year lookback for avoidance actions. Payroll taxes accrue as wages are paid, but a deposit for those taxes is not due to the IRS until some period of time later depending on the employer's filing status. As a result, virtually every business entity that files for bankruptcy will have accrued but unpaid payroll taxes because those taxes are not yet due to be paid to the IRS. Under the Trustee's theory, therefore, every business bankruptcy case would automatically have a ten-year lookback period for fraudulent transfers under Section 544(b). That cannot be what Congress had in mind when enacting Section 544(b).