**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>J & M SALES INC., *et al.*<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 18-11801 (JTD)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in His Capacity as Chapter 7 Trustee for the Jointly Administered Bankruptcy Estates of J & M Sales Inc., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL FALLAS, Individually And As Trustee Of The Michael Fallas Living Trust Dated 1/19/05, *et al.*,<br><br>Defendants. | Adv. Pro. No.: 20-50775 (JTD) |

**FOURTH MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER ENLARGINGTIME TO EFFECT SERVICE OF ORIGINAL PROCESS AND FOR ALLOWANCE OF SERVICE BY PUBLICATION**

George L. Miller, Chapter 7 Trustee (the "Trustee") of the bankruptcy estates (collectively, the "Estates") of J&M Sales, Inc., *et al.* (defined herein collectively as the "Debtors"), hereby moves the Court (this "Motion"), for entry of an order, substantially in the form as that submitted herewith (the "Proposed Order") (i) enlarging the time during which the Trustee may effectuate service of original process for those Returned Service Defendants (as defined below) by an

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).

additional 120 days, or (ii) should further service attempts fail, for authority to serve by publication. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### I. The Motions to Dismiss and Amended Complaints

2. On August 6, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (collectively, the "Chapter 11 Cases").

3. Until entry of the Conversion Order (as defined below), the Debtors operated their businesses and managed their affairs as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Court. On August 27, 2019, the Bankruptcy Court entered an order jointly administering the Chapter 11 Cases, with Case No. 18-11801 [D.I. 73].

4. On January 28, 2019, the Bankruptcy Court entered an order (the "Conversion Order") [D.I. 1240] converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code (collectively, these "Chapter 7 Cases").

5. George L. Miller was appointed as the Chapter 7 Trustee of the Debtors [D.I. 1262](the "Trustee").

6. Subsequent thereto, the Trustee filed the above-captioned complaint (the "Initial Complaint"). The Initial Complaint contained over 150 distinct defendants. Since the filing of

the Complaint, the Trustee has served, and/or attempted service of the summons and Complaint on the defendants.

7.  With respect to the Initial Complaint there were 28 parties[2] that have not responded in any way. In addition, the Trustee has received five returned envelopes where the Initial Complaint and alias summons was not served (the "Returned Service Defendants"). Since the set of returned envelopes were received, the Trustee has sought to locate serviceable addresses for those defendants and has sent out Initial Complaints and additional alias summons where alternate addresses could be found (the "Additional Service Attempts").

8.  In addition, a number of motions to dismiss the Initial Complaint (the "Motions to Dismiss") were filed. Additionally, prior to the adjudication of the Motions to Dismiss, the certain defendants filed five separate Joinders to the Motions to Dismiss.

9.  On August 20, 2021, the Court entered an Opinion and Order (the "MTD Order") ruling on the Motions to Dismiss [Adv. D.I. 306].

10. As a result of the MTD Order, on September 10, 2021, the Trustee filed the First Amended Complaint. Contemporaneously therewith, the Trustee filed a Motion for Leave to File Second Amended Complaint (the "Motion to Amend") [Adv. D.I. 314].

11. On February 22, 2022, the Court entered and Memorandum Opinion and Order denying the Motion to Amend.

12. Thereafter, approximately 24 groups of defendants filed separate motions to dismiss the First Amended Complaint (the "Motions to Dismiss First Amended Complaint").

---

[2] The Trustee has filed requests for entry of default against these parties and the Clerk has entered the defaults on the docket.

3

13. On October 6, 2022, the Court entered a Memorandum Opinion and Order ruling on the Motions to Dismiss First Amended Complaint (the "Second MTD Order") [Adv. D.I. 406], and directed the Trustee to file a second amended complaint that accurately reflected the ruling.

14. On November 3, 2022, the Trustee filed the Second Amended Complaint [Adv. D.I. 407].

15. The answer deadline for the Second Amended Complaint was December 4, 2022, and extended by agreement to December 16, 2022, for those Defendants who intended to file answers to the Second Amended Complaint.

**II.     The Motions to Extend Time to Serve**

16. On November 24, 2020, the Trustee filed a Motion of Chapter 7 Trustee for an Order Enlarging Time to Effect Service of Original Process and for Allowance of Service by Publication [Adv. D.I. 69] (the "First Extension Motion"), and on December 15, 2020, the Bankruptcy Court entered an order approving the First Extension Motion [Adv. D.I. 72] (the "First Extension Order").

17. On June 21, 2021, the Trustee filed the Second Motion of Chapter 7 Trustee for an Order Enlarging Time to Effect Service of Original Process and for Allowance of Service by Publication [Adv. D.I. 113] (the "Second Extension Motion"), and on July 9, 2021, the Bankruptcy Court entered an order approving the Second Extension Motion [Adv. D.I. 118] (the "Second Extension Order").

18. On October 21, 2021, the Trustee filed the Third Motion of Chapter 7 Trustee for an Order Enlarging Time to Effect Service of Original Process and for Allowance of Service by Publication [Adv. D.I. 323] (the "Third Extension Motion"), and on November 9, 2021, the Bankruptcy Court entered an order approving the Third Extension Motion [Adv. D.I. 342] (the

"Third Extension Order"). The Third Extension Order provided, among other relief, that the Service Deadline was extended through and including February 22, 2022, without prejudice to the Trustee's ability to request additional enlargements of time for service of process or any other deadline(s) in the future.

19. The deadline for serving the Second Amended Complaint is February 1, 2023 (the "Current Service Deadline").

**RELIEF REQUESTED**

20. By this Motion, the Trustee seeks to extend the Current Service Deadline by approximately an additional 120 days, through and including June 1, 2023, for both the Returned Service Defendants where the envelopes have been returned, as well as the Defendants named in the Second Amended Complaint, that have not already answered to the Second Amended Complaint (the "Extended Service Deadline").

21. In addition, to the extent that further service attempts are not successful and the certain parties for which alternate addresses remain unavailable, the Trustee is seeking authority to serve via publication in those newspapers serving the market of the last known address for the Returned Service Defendants.

**BASIS FOR RELIEF**

22. Rule 9006(b) permits the Court to grant additional time to effect service of process:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion...with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed of as extended by a previous order.

Fed. R. Bankr. P. 9006(b). As Collier notes, the Court should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been negligent,

5

dilatory, or acting in bad faith. 10 Collier on Bankruptcy, ¶ 9006.06[3], at 9006-14 (15th rev. ed. 2001).

23. The Third Circuit has recognized two bases for granting an extension of time to serve an original process under Rule 4(m). The first mandates an extension upon showing a good cause for the delayed service. Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). The second permits such an extension, even in the absence of good cause shown, if the Court believes such a result is merited. Id.

24. Good cause exists to grant the Motion. As indicated, good faith attempts have been made to serve all defendants in this case. Moreover, the Trustee has recently made a second attempt to locate and serve the Returned Service Defendants. Since the Initial Complaint has since been amended, the Trustee believes it is most appropriate to re-engage in attempts to effectuate service to all defendants. To the extent that these efforts are also unfruitful, the Trustee would need more time to effect service.

25. The Trustee also submits that the requested relief will not prejudice any parties. All Defendants will still have every opportunity to answer, move, or otherwise plead in response to the pending complaints at a later date. The preservation of resources described herein, coupled with the absence of associated prejudice, justifies a finding of good cause, and the approval of the requested extension.

26. Alternatively, even if the Court were to find that good cause, as a matter of law, does not exist, it may nevertheless grant the requested extension. Such relief is a permissible exercise of this Court's broad power to control its schedule and docket. Texaco, Inc. v. Borda, 383 F.2d 607, 608 (3d Cir. 1967). The Trustee submits that for the reasons stated herein, granting the relief sought by the Motion is an eminently reasonable exercise of that power.

27.     Finally, to the extent that any further service attempts by mail are unsuccessful, the Trustee requests relief to serve by publication by way of the newspapers served by the local area of last known address of the Returned Service Defendants.  As noted above, this would be a last attempt for service after exhausting attempts by mail.  Such service has been deemed acceptable and appropriate under similar circumstances and is consistent with Federal Rule of Bankruptcy Procedure 7004(c).

## NOTICE

28.     Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002; and (c) all Defendants.  The Trustee submits that such notice is reasonable in light of the circumstances of these Chapter 7 Cases and the nature of the relief sought herein.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form as that submitted herewith, granting the relief requested in this Motion and any further relief as is just and proper.

Dated:  February 1, 2023

GELLERT SCALI BUSENKELL & BROWN, LLC

By: */s/ Ronald S. Gellert*
Ronald S. Gellert (DE 4259)
1201 N. Orange St., Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Fax: (302) 425-5814
E-mail: rgellert@gsbblaw.com

- *and* -

Steven M. Coren, Esq.
Benjamin M. Mather, Esq.
Kaufman Coren & Ress, PC

7

Two Commerce Square
2001 Market Street, Suite 3900
Philadelphia, PA 19103

*Attorneys for Plaintiff Trustee*