IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>J & M SALES INC., *et al.*<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 18-11801 (JTD)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in His Capacity as Chapter 7 Trustee for the Jointly Administered Bankruptcy Estates of J & M Sales Inc., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL FALLAS, Individually And As Trustee Of The Michael Fallas Living Trust Dated 1/19/05, *et al.*,<br><br>Defendants. | Adv. Pro. No. 20-50775 (JTD)<br><br>RE: ADV. D.I. 466 and 469 |

### **FIRST AMENDED SCHEDULING ORDER**

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to the above-captioned adversary proceeding.

**IT IS HEREBY ORDERED** that:

1.      The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, has taken place. The parties are not required to file a discovery plan as contemplated by Fed. R. Civ. P. 26(f)(3).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).

2. <u>Mediation</u>.  Defendants that wish to mediate shall contact plaintiff's counsel by no later than **fourteen (14) days** after entry of this Order (the "Mediation Opt-In Deadline") to opt into mediation (the "Mediation") with Connor Bifferato serving as mediator (the "Mediator").  If the Mediator has a conflict, then the parties will endeavor to mutually select a different mediator and if the parties are unable to agree on a mediator, a mediator will be selected by the Court.  Unless otherwise set forth in this Order, Rule 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") shall apply to the Mediation.  The parties shall make reasonable efforts to schedule Mediation to occur within **ninety (90) days** of entry of this Order.  Mediation shall conclude on or before **March 29, 2024**.

3. <u>Initial Disclosures</u>.  If a Defendant has not opted into Mediation on or before the Mediation Opt-In Deadline, the parties shall provide their initial disclosures under FED. R. CIV. P. 26(a)(1) no later than **twenty-one (21) days** of the date of this Order.  If a Defendant has opted into Mediation on or before the Mediation Opt-In Deadline, then the parties shall provide their initial disclosures under FED. R. CIV. P. 26(a)(1) no later than **fourteen (14) days after the earlier of: (i) the unsuccessful conclusion of the Mediation or (ii) March 29, 2024**.

4. <u>Discovery</u>.

    a. <u>Fact Discovery Cut-Off</u>.  All fact discovery in this matter shall be completed no later than **August 16, 2024**.

    b. <u>Disclosure of Expert Testimony</u>.

        i. <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial FED. R. CIV. P. 26(a)(2) disclosure of expert testimony is due on or before **September 16, 2024**.  The supplemental

        disclosure to contradict or rebut evidence on the same subject matter identified by another party is due on or before **October 16, 2024**. Reply expert reports from the party with the initial burden of proof are due on or before **October 31, 2024**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii.    All expert discovery shall be completed, and discovery shall close, by **December 6, 2024**.

    iii.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in FED. R. EVID. 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

c.    <u>Discovery Disputes</u>. Del. Bankr. L.R. 9013-1(b) notwithstanding, the parties shall not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute following an appropriate meet and confer, the party seeking relief shall contact Chambers to schedule a telephone conference. The Court will attempt to resolve the dispute before the need to engage in motion practice. If the dispute cannot be resolved during the initial teleconference, the Court will set appropriate briefing based upon the issues to be addressed.

5. <u>Application to Court for Protective Order</u>. In the event it is necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order. If counsel is unable to reach an agreement on a proposed form of order, counsel must first follow the provisions of Paragraph 4(c) above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **January 6, 2025**. Answering briefs and accompanying affidavits shall be served and filed on or before **February 7, 2025**. Reply briefs and accompanying affidavits shall be served and filed on or before **February 24, 2025**.

7. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.

8. <u>Trial</u>. Within thirty (30) days of the disposition of case dispositive motions filed by the deadline in Paragraph 6 above, or, if no such motions are filed, within 30 days of such deadline, the parties with the assistance of the Court, will request that the Court set a trial date.

9. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal, or other resolution of any portion of this adversary proceeding subject to this Order, and shall promptly file with the Court appropriate evidence of such resolution. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, unless this case is transferred to the District Court for trial, setting out the status of each claim subject to this Order.

10. The deadlines set forth herein shall be computed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.

11. The deadlines set forth herein may be modified by mutual consent of the parties or by order of the Court.

12. The Court retains jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: February 2nd, 2024**  
**Wilmington, Delaware**

**JOHN T. DORSEY**  
**UNITED STATES BANKRUPTCY JUDGE**